UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO, WESTERN DIVISION

IN RE: ) Chapter 13 Case No. __14-33701__
Linda S. Cannon
) Successor Judge

    Debtor(s) ) ■ Original Chapter 13 Plan
☐ Modified Chapter 13 Plan, dated
)

**NOTICE:** (Check One)
☐ This plan DOES NOT include any provision deviating from the uniform plan in effect at the time of the filing of this case.

■ This plan DOES contain special provisions that must be and are set forth in Article 13 below.

**YOUR RIGHTS WILL BE AFFECTED.** You should read this plan carefully and discuss it with your attorney. Anyone who wishes to oppose any provision of this plan must file with the court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the court in order to receive distributions under this plan**.

**1. PLAN PAYMENTS**

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. §1326(a)(1), as follows:

A. To the Chapter 13 Trustee (hereinafter "Trustee"): $ __380.00__ [A] per month, for __36__ months, and Debtor's portion only of tax refunds, payable in
    ■ monthly ☐ semi-monthly ☐ bi-weekly ☐ weekly installments of $_____ each,

  **and**, unless the court otherwise orders,

B. To secured creditors as adequate protection: $ __0.00__ [B] per month, allocated as follows:

| Creditor | Collateral | Amount |
|---|---|---|
| | | |

Prior to confirmation, the Debtor shall provide the Trustee with evidence of post-petition payments made by the Debtor to secured creditors as adequate protection payments and to lessors as lease payments.

Upon confirmation of this plan, the Debtor shall make the entire Monthly Plan Payment of $ __380.00__ [A+B] for __36__ months and Debtor's portion only of tax refunds to the Trustee.

**2. ORDER OF DISTRIBUTION**
After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) monthly payments as provided for in Articles 3, 4 and 9; (iv) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vi) general unsecured claims. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may pay secured creditor claims on a pro-rata basis. Unless a claim objection is sustained, a motion to value collateral or to avoid a lien is granted, or the court otherwise orders, distributions on account of claims in Articles 3(A), 4(A), 5, 6, 7 and 9 will be based upon the classification and amount stated in each claim holder's proof of claim rather than any classification or amount stated in this plan.

### 3. DIRECT PAYMENTS
Debtor shall pay the following creditors directly. Trustee shall pay the monthly payment amount to allowed claims for arrearages. Debtor shall pay all post-petition payments as those payments ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Estimated Arrearage Claim | Monthly Payment (Paid by Trustee) |
|---|---|---|
| **Directions Credit Union** | $ 0.00 | N/A |

### 4. CLAIMS SECURED BY REAL PROPERTY
**A. Mortgage and Real Estate Tax Arrearages**
Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages. Debtor shall pay all post-petition mortgage payments to **BB&T** directly as this payment ordinarily comes due beginning with the first payment due after the filing of the case.

| Creditor | Estimated Property Address | Arrearage Claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| **BB&T** | **1968 Marin Dr.** | $ 0.00 | N/A |

**B. Other Real Estate Claims**
Trustee shall pay the monthly payment amount to creditors up to the amount specified below to be paid through the plan. The portion of any allowed claim that exceeds the amount to be paid through the plan shall be treated as an unsecured claim.

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| **None** | | | | |

### 5. CLAIMS SECURED BY PERSONAL PROPERTY
**A. Secured Claims to be Paid in Full Through the Plan:**
Trustee shall pay the following claims in full and in equal monthly payments.

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| **None** | | | | |

**B. Secured Claims NOT to be Paid in Full Through the Plan:**
Claims specified below are debts secured by personal property not provided for in Article 4(A) above. Trustee shall pay the allowed claims the secured amount with interest and in equal monthly payments as specified below. The portion of any allowed claim that exceeds the secured amount will be treated as an unsecured claim. Upon confirmation, the secured amount and interest rate specified below, or as modified, will be binding pursuant to 11 U.S.C. §1327 unless a timely written objection to confirmation is filed and sustained by the court.

| Creditor | Collateral Description | Secured Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| **None** | | | | |

### 6. DOMESTIC SUPPORT OBLIGATIONS
Debtor ☐ does ■ does not have domestic support obligations pursuant to 11 U.S.C. §101(14A).

If the Debtor does have domestic support obligations:
The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee

contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address & Telephone |
|---|---|

**Debtor shall pay this creditor directly.**

Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|

### 7. OTHER PRIORITY CLAIMS
Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Claim Amount |
|---|---|
| **None** | |

### 8. GENERAL UNSECURED CLAIMS
Debtor estimates the total of the non-priority unsecured debt to be $ __36,053.74__. Trustee will pay to creditors with allowed non-priority unsecured claims a pro-rata share of $ __10,816.12__ or __30__ %, whichever is greater.

### 9. PROPERTY TO BE SURRENDERED
Debtor surrenders the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the court.

| Creditor | Property Description |
|---|---|
| **None** | |

### 10. EXECUTORY CONTRACTS AND UNEXPIRED LEASES
All executory contracts and unexpired leases are rejected except the following, which are assumed. Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages. Debtor shall pay all post-petition payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Description | Estimated Arrearage Claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| **Chrysler Capital** | **2014 Dodge Ram** | $ 0.00 | N/A |
| **Ford Motor Credit** | **2014 Ford Escape** | 0.00 | N/A |

### 11. LIEN AVOIDANCE AND OTHER MOTIONS
The following liens shall be avoided by filing the appropriate motion after confirmation of the plan.

| Creditor | Property Affected by Lien | Lien Information | Reason |
|---|---|---|---|
| **None** | | | |

## 12. OTHER PLAN PROVISIONS

(a) Property of the estate shall revest in the Debtor ■ upon confirmation. ☐ upon discharge, dismissal or completion. If the Debtor has not marked one of the boxes, property of the estate shall revest in the Debtor upon confirmation. If the Debtor has elected to have property of the estate revest in the Debtor upon discharge or dismissal, the Debtor must maintain adequate insurance of all property in the estate. Unless otherwise ordered, the Debtor shall remain in possession of all property of the estate during the pendency of this case.

(b) The treatment of the claims of creditors as set forth in this plan shall become absolute upon confirmation, pursuant to 11 U.S.C. §1327. Therefore, if a creditor or contract party named herein objects to this plan, including the valuation of security, interest to be paid, and the treatment of executory contracts and unexpired leases, a formal objection to confirmation must be timely filed with the court.

(c) This plan incorporates 11 U.S.C. §1325(a)(5)(B)(i) with respect to each allowed secured claim provided for by this plan.

(d) Notwithstanding the automatic stay, creditors and lessors provided for in Articles 3(A) and 9 of this plan may continue to mail customary notices or coupons to the Debtor.

(e) Debtor shall not transfer any interest in real property or incur additional debt exceeding $1,000 in the aggregate without prior notice to the Trustee and without first obtaining the approval of the court as stated in applicable Administrative Orders.

(f) Attorney fees in the amount of $0.00 shall be paid in the Plan as per custom in the United States Bankruptcy Court for the Northern District of Ohio, Western Division.

## 13. SPECIAL PROVISIONS

This plan shall include the provisions set forth in the boxed area below. **Note: The provisions set forth below will not be effective unless there is a check in the second *notice box* preceding Article 1.**

---

Creditors and lessors provided for above in Section 3 or 9 shall continue to mail customary notices or coupons to the Debtor or Trustee notwithstanding the automatic stay. All creditors having mortgages on debtor's real estate shall recommence normal correspondence regarding the mortgage with the debtors as was their normal business practice prior to the commencement of this case, including the issuance of coupon books and/or monthly statements, yearly escrow analysis, 1099's, and any and all other correspondence that would issue in the ordinary course of business.

Debtor reserves the right to add to this Plan after-acquired creditors as deemed appropriate by the Court.

The Court, from time to time during the period of this Plan, may increase or decrease the amount of the payments provided in this Plan or extend or reduce the period of time for any such payments, after such hearing and upon such notice as the Court may designate, if it appears that the circumstances of the Debtor so require, and the initial acceptance of this Plan by creditors shall include acceptance of any modification order by the Court at the first meeting of creditors or any adjournment thereof or any subsequent hearing.

---

/s/ Linda S. Cannon
DEBTOR

Date: 10/9/2014

DEBTOR

/s/ Elliot H. Feit
ATTORNEY FOR DEBTOR